Candido Sandoval CANTU;  Lucila
Beltran Chamu, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–73674.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Candido Sandoval Cantu, Santa Ana,
CA, pro se.

Lucila Beltran Chamu, Santa Ana, CA,
pro se.

CAC–District Counsel, Esq., Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. LeFevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Larry P. Cote, DOJ—U.S. Department of
Justice, Civil Div./Office of Immigration
Lit., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Candido Sandoval Cantu and Lucila Beltran Chamu, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's decision denying their applications for cancellation of removal on the grounds that Beltran Chamu failed to establish ten years of continuous physical presence in the United States and Sandoval Cantu failed to meet the hardship requirement. We deny in part and grant in part the petition for review.

The petitioners contend that the BIA's summary decision deprived them of due process. This contention is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003).

■ The petitioners contend that they were denied equal protection because a greater showing of hardship is required for cancellation of removal than for relief under the Nicaraguan Adjustment and Central American Relief Act. This contention lacks merit. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002).

Beltran Chamu contends that the IJ erred and violated her constitutional rights in concluding that she failed to meet the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A). An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam). An alien's brief return to his native country for family reasons does not, however, interrupt his continuous presence even if he is stopped and turned away at the border when he attempts to return. *Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005).

Beltran Chamu's notice to appear was served on March 26, 2001. She testified that she went to Mexico in January or February 1992. She testified that when she tried to reenter the United States in March 1992, she was stopped by the border patrol, was fingerprinted, had her photograph taken, signed something, and was returned to Tijuana.

■ On the record before us, we cannot determine whether Beltran Chamu received administrative voluntary departure under threat of deportation. We therefore grant the petition in part and remand for further proceedings concerning the nature of her contact with immigration officials in 1992. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir.2006).

**PETITION FOR REVIEW DENIED as to Sandoval Cantu; PETITION FOR REVIEW GRANTED as to Beltran Chamu.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.